clusion which is set forth in the verdict. While in many cases we would probably not have rendered the verdict returned, and, if we were authorized to pass upon the case as on appeal, would render here a different judgment, still under the established practice of this court as required by the law of the State, we cannot overrule a trial judge, who, fresh from the atmosphere of the trial, sends to us a record in which he endorses the finding of the jury which tried the case in his presence. This is true even in cases where the evidence might be described as weak, unsatisfactory, and doubtful. The wisdom and discretion of the trial judge is sufficient for us to endorse his judgment in cases of this character."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

---

### 14003. TERRELL v. THE STATE.

BLOODWORTH, J. This is a companion case to that of *Terrell* v. *State*, ante, 285, and is controlled by the ruling in that case.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 12, 1922.

Description, and names of counsel, as in the next preceding case.

---

### 14006. JONES v. THE STATE.

BLOODWORTH, J. The evidence, while circumstantial, was sufficient to exclude every *reasonable* hypothesis save that of the defendant's guilt; and, the special grounds of the motion for a new trial not being argued or insisted upon in the brief of counsel for plaintiff in error, the judgment of the lower court refusing a new trial is

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 12, 1922.

Indictment for larceny from house; from Wilkes superior court — Judge Shurley. September 20, 1922.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.